IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MICHAEL H.,[1] | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) No. 23-1067-JWL |
| MARTIN J. O'MALLEY,[2] | ) |
| **Commissioner of Social Security,** | ) |
| | ) |
| **Defendant.** | ) |
| _____ | ) |

**MEMORANDUM AND ORDER**

Plaintiff seeks review of a decision of the Commissioner of Social Security denying Social Security Disability Insurance (SSDI) benefits and Supplemental Security Income (SSI) benefits pursuant to sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act, 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding only harmless error in the Administrative Law Judge's (ALJ) decision, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

---

[1] The court makes all its "Memorandum and Order[s]" available online. Therefore, in the interest of protecting the privacy interests of Social Security disability claimants, it has determined to caption such opinions using only the initial of the Plaintiff's last name.

[2] On December 20, 2023, Mr. O'Malley was sworn in as Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Mr. O'Malley is substituted for Acting Commissioner Kilolo Kijakazi as the defendant. Pursuant to the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

**I.      Background**

Plaintiff protectively filed an application for SSDI benefits on November 13, 2020 and for SSI benefits on January 21, 2021.  (R. 17, 232-34, 235-42).  After exhausting administrative remedies before the Social Security Administration (SSA), Plaintiff filed this case seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).  Plaintiff claims the ALJ failed to articulate his consideration of supportability and consistency when he evaluated the medical opinion of Nurse Practitioner Kocher.

The court's review is guided by the Act.  Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).  Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  "Substantial evidence" refers to the weight, not the amount, of the evidence.  It requires more than a scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).  Consequently, to overturn an agency's finding of fact the court "must find that the evidence not only supports [a contrary] conclusion, but compels it."  I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481, n.1 (1992) (emphases in original).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988) (brackets in Bowling)). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. § 404.1520; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner

assesses claimant's residual functional capacity (RFC).  20 C.F.R. § 404.1520(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the process—determining at step four whether, considering the RFC assessed, claimant can perform his past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, he is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC previously assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).  The court addresses the error alleged in Plaintiff's Social Security Brief.

**II.    Discussion**

Plaintiff argues the ALJ found Ms. Kocher's opinion unpersuasive merely because it was a temporary restriction and was regarding an issue reserved to the Commissioner. (Pl. Br. 8) (citing R. 31).  He claims the ALJ erred by failing to articulate the consistency and supportability of the opinion as required by the regulations.  Id. 8-9.  He claims that any attempt to articulate the factors of supportability and consistency at this point would be merely an impermissible post hoc rationalization of the ALJ's reasons.  Id. 9.  He also claims the record evidence does not support the ALJ's finding the opinion was a temporary restriction.  Id. 10-11.

Plaintiff argues that even if substantial evidence supports the decision the court must nevertheless remand because the ALJ committed legal error by failing to articulate the supportability and consistency factors.  (Pl. Br. 12) (citing Parker v. Comm'r, SSA, 772 F. App'x 613, 617 (10th Cir. 2019) ("If Mr. Parker is right about the legal error, we must reverse even if the agency's findings are otherwise supported by substantial evidence.")).  He argues the error is not harmless because this court has previously noted that where an ALJ fails to articulate his persuasiveness finding the court "would have to weigh the opinion in the first instance and determine it is unpersuasive," a responsibility reserved to the Commissioner in the first instance.  Id. 12-13 (quoting Stacey L. C. v. Saul, Civ. A. No. 20-1064-JWL, 2021 WL 147254, at *4 (D. Kan. Jan. 15, 2021)).

The Commissioner argues that the record evidence supports the ALJ's evaluation of Ms. Kocher's opinion.  (Comm'r Br. 7-8).  He argues based on the evidence of an acute low back injury in November 2017, treated with pain medication, a note to return to work with minimal bending, no twisting, and no lifting over ten pounds at the end of November, continued improvement with pain level 5 out of 10 by mid-December and no return to Ms. Kocher for further treatment thereafter, "it was reasonable for the ALJ to conclude that Ms. Kocher's November 2017 statement was unpersuasive as it did not relate to Plaintiff's condition during the relevant period, from September 2020 and July 2022."  Id. at 8.

Plaintiff points out the Commissioner's brief never claimed the ALJ in fact addressed the supportability or consistency factors when finding Ms. Kocher's opinion unpersuasive and Plaintiff's argument, therefore, stands unopposed.  (Reply 1).  He

5

argues the reasons the Commissioner provided to justify the ALJ's finding the opinion unpersuasive were not given in the ALJ's decision and are therefore impermissible post hoc rationale.  (Reply 2).  He reiterates his argument the evidence does not support finding Ms. Kocher's opinion merely a temporary restriction.  Id.

### A. Standard for Evaluating Medical Opinions

Effective March 27, 2017 the regulation regarding medical opinions and their evaluation changed.  20 C.F.R. §§ 404.1502, 404.1513, 404.1520b, 404.1520c, 416.902, 416.913, 416.920b, 416.920c.  As relevant here, the new regulations included Advanced Practice Registered Nurses (APRNs) such as Ms. Kocher within the definition of an "acceptable medical source" who may provide objective medical evidence to establish the presence of a medically determinable physical impairment.  Id. §§ 404.1502, 404.1521, 416.902, 416.921.  The new regulations define "Medical Opinion:"

> (2) Medical opinion.  A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions in the following abilities: …
>
> > (i) Your ability to perform physical demands of work activities, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping, or crouching);
> >
> > (ii) Your ability to perform mental demands of work activities, such as understanding; remembering; maintaining concentration, persistence, or pace; carrying out instructions; or responding appropriately to supervision, co-workers, or work pressures in a work setting;

> (iii) Your ability to perform other demands of work, such as seeing, hearing, or using other senses; and
>
> (iv) Your ability to adapt to environmental conditions, such as temperature extremes or fumes.

20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2) (2017).

The new regulations include a section entitled "How we consider and articulate medical opinions … for claims filed on or after March 27, 2017." 20 C.F.R. §§ 404.1520c, 416.920c (2017). The regulation provides that the SSA will consider each medical source's opinions using five factors; supportability, consistency, relationship of source to claimant, specialization, and other factors tending to support or contradict a medical opinion. 20 C.F.R. §§ 404.1520c(a)(c)(1-5), 416.920c(a)(c)(1-5) (2017). It provides that the most important factors in evaluating persuasiveness are supportability and consistency. Id.

The regulation explains that the decision will articulate how persuasive the SSA finds all medical opinions. 20 C.F.R. §§ 404.1520c(b), 416.920c(b) (2017). The requirement applies for each source, but not for each opinion of that source separately. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1) (2017). It requires that the SSA "will explain how we considered the supportability and consistency factors for a medical source's medical opinions." 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2) (2017).

### B.   The ALJ's Findings

The ALJ evaluated Ms. Kocher's medical opinion:

The undersigned finds unpersuasive the opinion of Angela Kocher, NP, who provided a note for the claimant to return to work with limitations of minimal bending, no twisting, and no lifting more than 10 pounds (Exhibit

7

> B2F at 9).  The most reasonable inference from the context of this opinion is that it is an impliedly temporary restriction not intended to limit the claimant for more than a short period of time.  As a temporary restriction, the opinion does not render complete statements as to the claimant's condition throughout the relevant period of alleged disability.  Further, the opinion that a claimant can or cannot work is not a medical opinion, but an administrative finding dispositive of a case, requiring familiarity with the Regulations and legal standards set forth therein.  Such issues are reserved to the Commissioner who cannot abdicate his statutory responsibility to determine the ultimate issue of disability.

(R. 31).

### **C.**   **Analysis**

The ALJ found, "The most reasonable inference from the context of [Ms. Kocher's] opinion is that it is an impliedly temporary restriction not intended to limit the claimant for more than a short period of time."  Id.  Although one might also infer from the context some conclusions regarding the supportability and consistency of Ms. Kocher's opinion, the ALJ did not articulate those findings, that is contrary to the clear requirement of the regulations, and the court must conclude that he erred.

However, the court finds the error harmless and affirms the ALJ's decision.  Even accepting Ms. Kocher's opinion at the time it was rendered as fully supported by her own notes and by the objective medical evidence, and as consistent with the evidence from other medical and nonmedical sources, no rational factfinder could find that it reflects Plaintiff's physical limitations during the relevant time at issue in the ALJ's decision.  That determination is compelled by the "most[, indeed only,] reasonable inference from the context of [Ms. Kocher's] opinion [] that it is an impliedly temporary restriction not intended to limit the claimant for more than a short period of time."  (R. 31).

A discussion of the context around Ms. Kocher's opinion will clarify the ALJ's decision and the court's rationale for its finding. The first treatment note from Ms. Kocher regarding this episode of low back pain is dated November 17, 2017. (R. 351). That treatment note reveals it was a follow-up to Plaintiff's emergency room visit on November 15 for low back pain after he "lifted and twisted heavy machinery on November 14." Id. At that visit Plaintiff reported using "ibuprofen, norco, and flexeril as instructed in ER" and was "using heating pad for mild relief." Id. For treatment, Plaintiff was "advised to stop all NSAIDS [(non-steroidal anti-inflammatory drugs)] to start on diclofenac. Also advised to take tylenol prn [as needed] when done with Norco. Continue heat therapy and no heavy lifting. Work note given. MRI ordered." Id. 352.

On November 27, 2017, Plaintiff returned for MRI results and a work release. Id. 347. For treatment, Plaintiff was instructed to continue diclofenac "[t]hree times a day as needed for pain," and a work note was given for Plaintiff "to return to work with limitations of minimal bending, no twisting and lifting restriction of 10 lbs." Id. Plaintiff returned to Ms. Kocher on December 11, 2017, for a re-evaluation. Id. 342. She noted that Plaintiff stated, "he continues to have pain, but pain level continues to improve. Taking medications as prescribed. Rates pain as 5/10 currently which worsens with movement. P[atien]t unable to return to work until completely without restrictions." Id. Ms. Kocher refilled Plaintiff's diclofenac prescription for one month with two refills. Id. 344. She referred Plaintiff to physical therapy and noted, "P[atien]t does not feel comfortable returning to work restriction-free at this time." (R. 344). The record notes a follow up, "4 Weeks, prn [(as needed)]". Id. 345.

Plaintiff did not return to the clinic until August 26, 2020 when he was given a COVID-19 test by Dr. DeHart.  Id. 339.  On September 3, 2020 Plaintiff established care with a new Primary Care Provider, Nurse Practitioner Heimerman, "due to location closer to home."  Id. 430.  At that visit Plaintiff stated he was having low back pain / hip pain which "starts in his back and radiates to his hips" for three to four months.  Id.  Plaintiff was prescribed Cyclobenzaprine and Meloxicam.  Id. 433.  On April 23, 2021 the Cyclobenzaprine was stopped and Tizanidine was started.  Id. 424.  The court finds no other treatment record for low back pain and no medical opinions providing limitations similar to those opined in Ms. Kocher's treatment note.

As the ALJ suggested, this context makes clear that Plaintiff hurt his back when twisting and lifting heavy machinery.  He was treated at the emergency room and by his primary care provider (PCP), Ms. Kocher, who ordered an MRI and gave him a note excusing him from work.  About two weeks later he was seen and released to return to work with the limitations at issue here.  A month later he returned reporting that his pain had improved but his employer would not let him work until he had no restrictions and he was not comfortable returning to work without restrictions yet.  Thereafter, he never returned for treatment with Ms. Kocher and he received no treatment for nearly three years until a COVID-19 test in August, 2020.  In two later treatment notes with a different PCP, Plaintiff complained of low back pain but there is no record of such complaints thereafter and no medical provider suggested limitations approaching those of Ms. Kocher.  As the Commissioner points out, Plaintiff's treatment with Ms. Kocher occurred almost three years before his alleged onset date of disability.  In these

10

circumstances, no reasonable factfinder could find Ms. Kocher's medical opinion was an opinion regarding permanent limitations or was persuasive as to Plaintiff's limitations during the alleged period of disability at issue here—September 30, 2020 to July 6, 2022.

The court's analysis above complies with the Tenth Circuit's harmless error admonitions in <u>Allen v. Barnhart</u>, 357 F.3d 1140, 1145 (10th Cir. 2004)—not to usurp the administrative tribunal's responsibility to find the facts, and to rest its decision only on legal and evidentiary matters actually considered by the ALJ.  Because the court's analysis rests upon the ALJ's rationale—to discount Ms. Kocher's opinion because "it is an impliedly temporary restriction not intended to limit the claimant for more than a short period of time" (R. 31)—and is supported by substantial record evidence, it does not violate the rule against <u>post hoc</u> rationalization of the ALJ's decision.

Because the error alleged in Plaintiff's Brief was harmless, the court may not reverse the decision below.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

Dated January 11, 2024, at Kansas City, Kansas.

 s/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**